YOUNG *v.* STATE.

No. 41572 · September 26, 1960 123 So. 2d 311

*Karl W. Kepper,* Hattiesburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Nathaniel Young appeals from a judgment convicting him of raping a seven year old child. The death penalty was imposed. No purpose would be served in detailing the facts of this heinous crime.

Prior to trial on the merits appellant filed an unsworn motion suggesting appellant was presently insane and was not capable of making a rational defense. On the hearing of a motion to require the State to furnish appellant the services of a psychiatrist, the only evidence offered was the testimony of appellant's counsel who testified that in a ten minute interview some of

appellant's conversation was not rational and that appellant had not been able to furnish sufficient facts to either prove that he did or did not commit the crime. Counsel would not say that in his opinion appellant was insane and no testimony was offered that appellant was insane. No proof was made of any specific statement or action of appellant tending to show that he was insane. Counsel for appellant stated that he thought appellant should be examined by a psychiatrist. This motion was denied and appellant assigned as error the action of the trial court in refusing to furnish him the services of a psychiatrist.

House Bill 668, Laws of 1960, had not been enacted into law when appellant was tried, and we do not consider the provisions of that Act. After the suggestion of insanity was filed, the court announced that a trial of the insanity issue would be had before a jury prior to trial on the merits. Upon the overruling of the motion to require the State to furnish appellant with the services of a psychiatrist, appellant's counsel withdrew the motion suggesting appellant's insanity, and the case thereafter proceeded to trial on the merits, and appellant offered no proof of insanity.

Appellant cites no authority requiring the State to furnish the services of a psychiatrist, and under the circumstances shown by this record, there was no showing of lack of due process or unfairness to appellant. We find no merit in appellant's contention.

Appellant also complained of certain instructions which were requested by the appellant and denied by the trial court. We find no error in the refusal of these instructions.

After a careful review of the entire record we find no reversible error. Accordingly, the judgment is affirmed and the 10th day of November, 1960, is hereby fixed as the date for the execution of the death sentence in the manner provided by law.

Affirmed and the 10th day of November, 1960, fixed as the date for the execution of the death sentence.

All Justices concur.